IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **HENRY MARVIN MOSS,** : | |
| : | |
| **Plaintiff,** : | |
| : | NO. 7:12-CV-064-HL-TQL |
| VS. : | |
| : | |
| **Officer DWAYNE CORPREW and** : | |
| **Officer WILLIAMS** : | |
| : | |
| **Defendants.** : | |

## ORDER

Plaintiff **HENRY MARVIN MOSS**, a prisoner at the Jackson State Prison in Jackson, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Parties instituting non-habeas civil actions in this Court are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because Plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis*.

Any prisoner attempting to proceed *in forma pauperis* in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, § 801-8 10, l10 Stat. 1321 (1996). Under 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This code section, known as the PLRA's "three strikes" provision, does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmate's right to due process of law, or an inmate's right to equal protection. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir.

1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007). Dismissal of a prisoner complaint under 28 U.S.C. § 1915(g) is constitutional. Id.

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has already far exceeded the three "strikes" allowed by the PLRA. See e.g., Moss v. Porter, 5:10-cv-14 (CAR) (M.D. Ga. Jan. 20, 2010) (dismissed under § 1915(g)) (citing Moss v. Miller, 1:98-cv-66 (WLS) (M.D. Ga.) (appeal dismissed as frivolous); Moss v. Superior Ct. of Dougherty Co., 1:95-cv-222 (WLS) (M.D. Ga. Dec. 8, 1995) (initial filing dismissed as frivolous); Moss v. Kelley, 1:95-cv-197 (WLS) (M.D. Ga. Oct 31, 1995) (initial filing dismissed as frivolous); Moss v. State of Georgia, 1:94-cv-3360-FMH (N.D. Ga. Feb. 16, 1995) (initial filing dismissed as frivolous); Moss v. Priddy, 1:94-cv-9 (WLS) (M.D. Ga. Jan. 28, 1994) (initial filing dismissed as frivolous); and Moss v. Williams, 1:94-cv-8 (WLS) (M.D. Ga. Jan. 31, 1994) (initial filing dismissed as frivolous).

Because of these dismissals, Plaintiff may not proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). To satisfy this requirement, the prisoner must allege the existence of a present, imminent danger of serious physical injury. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff has not alleged the existence of any such danger. His Complaint only alleges a past use of excessive force, and he has since been transferred from the facility where that incident allegedly occurred. Thus, it does not appear, from the face of the Complaint, that Plaintiff is currently in any danger of suffering a serious physical injury.

Plaintiff's request to proceed *in forma pauperis* is accordingly **DENIED**, and the instant action is **DISMISSED** without prejudice. If Plaintiff wishes to bring a new civil rights action against these defendants, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

**SO ORDERED**, this 11th day of May, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, Senior Judge
UNITED STATES DISTRICT COURT

jlr